# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0008-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MICHAEL F. CALDERON, a/k/a
MICHAEL FERNANDO CALDRON,
and MICHAEL CALDERONE,

    Defendant-Appellant.

_____

> Submitted March 17, 2026 – Decided April 15, 2026
>
> Before Judges Gooden Brown and DeAlmeida.
>
> On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 15-02-0461.
>
> Jennifer N. Sellitti, Public Defender, attorney for appellant (Frank J. Pugliese, Designated Counsel, on the brief).
>
> Theodore N. Stephens II, Essex County Prosecutor, attorney for respondent (Margaret Myaskovskaya, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Michael Calderon appeals from the July 10, 2024 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

Defendant was initially charged in an eight-count indictment with three counts of first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(1), and five counts of first- and second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4. Based on new information, defendant was subsequently charged in a forty-four-count superseding indictment with twenty-one counts of first-degree aggravated sexual assault of a child by vaginal, oral, and anal penetration, N.J.S.A. 2C:14-2(a)(1); one count of first-degree child endangerment by videotaping sex acts between himself and the child, N.J.S.A. 2C:24-4(b)(3); twenty-one counts of second-degree child endangerment by engaging in sexual conduct with the child, N.J.S.A. 2C:24-4(a); and one count of second-degree child endangerment by reproducing an image of the child in a prohibited sexual act, N.J.S.A. 2C:24-4(b)(4).

The charges stemmed from defendant's repeated sexual assault of his partner's foster child, starting when she was four years old and continuing until

2

she was eleven years old. Defendant videotaped his sex acts with the child. The sexual abuse ended when the victim went to live with her biological father.

At a status conference for the initial eight-count indictment, defendant rejected a plea offer of a flat eight-year prison sentence with significant credit for time served because of the immigration consequences.[1] During a pretrial conference conducted in connection with the initial indictment, see R. 3:9-1(f), the trial court informed defendant that, if convicted, he could be sentenced to "eighty years with a sixty[-]eight[-]year period of parole ineligibility." Defendant, who was sixty-one years old at the time, acknowledged that he understood the plea offer and his sentencing exposure.

Defendant continued his refusal to negotiate a plea agreement when the superseding indictment was returned. As a result, no revised plea offer was ever tendered. When the trial court later asked if defendant wanted another pretrial conference, trial counsel confirmed that defendant was not interested in entering a guilty plea and wanted a speedy trial date on the new indictment. Consequently, defendant was never informed of his greater sentencing exposure on the new indictment.

---

[1] Although defendant had an Immigration and Customs Enforcement detainer, his immigration status is unclear from the record.

A-0008-24

Immediately prior to jury selection, defendant moved to relieve trial counsel, arguing she had failed to provide him with complete discovery and had failed to review discovery with him. In response to questioning by the trial court, defense counsel countered she had reviewed "every single piece of paper" with defendant "the first time [she] met with him." Defense counsel added defendant "didn't want the discovery due to the sensitive nature of it" so she "did not make him a copy at that point." Defense counsel also stressed as she received additional discovery, she "made every effort to make sure [defendant] g[ot] it." Defense counsel acknowledged she could not order certain transcripts because she did not receive supervisory approval, but confirmed defendant had "everything . . . necessary . . . to proceed [to] trial." The trial court denied defendant's motion and continued with jury selection.

Defendant then proceeded to trial, after which he was found guilty on all forty-four counts and sentenced to an aggregate term of 160 years in prison, with 119 years of parole ineligibility. In an unpublished opinion, we affirmed defendant's convictions, but remanded for resentencing, and our Supreme Court denied certification. State v. Calderon, No. A-1612-15 (App. Div. Aug. 5, 2020), certif. denied, 244 N.J. 330 (2020).

In our unpublished opinion, we detailed the State's proofs at trial, which

4

we incorporate by reference. The proofs consisted primarily of the victim's testimony, "[v]ideotapes of [the victim's] forensic interviews," the results of the victim's "physical examination and laboratory testing," showing she tested "positive for chlamydia," and expert testimony regarding Child Sexual Abuse Accommodation Syndrome. Id. at 9-11. The defense countered with testimony from a clinical social worker revealing the victim had disclosed during an interview being sexually abused by another man who resided in the home. Id. at 11.

On remand, defendant was resentenced to seventy-eight years in prison, with sixty-six years, three months, and seventeen days of parole ineligibility. Defendant appealed the resentence, we affirmed with a limited remand to conduct an ability to pay hearing on the imposition of a penalty, and the Supreme Court denied certification. State v. Calderon, No. A-2899-21 (App. Div. Nov. 15, 2022), certif. denied, 253 N.J. 602 (2023).

Defendant filed a timely self-represented PCR petition, which was supplemented by assigned counsel. In a supporting supplemental certification, defendant averred he received ineffective assistance of counsel (IAC) because his "[t]rial counsel gave [him] misinformation and ill advice." Specifically, defendant claimed his attorney "did not provide [him] with a complete copy of

5

the discovery"; "did not discuss or explain the trial strategy she recommended, to include the strengths and weaknesses of that theory"; did not give him "an accurate estimate of the likelihood of conviction"; and "misinformed [him] of the sentencing consequences . . . if [he] took the case to trial." According to defendant, "[i]f [he] had understood the possibility of the [c]ourt imposing this severe a sentence (more than ten times the plea offer recommendation), [he] would have considered taking the plea as preferable even with the deportation consequences of the plea."[2]

After conducting oral argument, on July 10, 2024, the judge entered an order and written decision denying defendant's PCR petition without an evidentiary hearing. After recounting the facts and procedural history of the case and delineating the governing law, the PCR judge determined the claims failed to establish "the requisite prima facie case showing" of IAC. See State v. Vanness, 474 N.J. Super. 609, 623 (App. Div. 2023) ("To establish an [IAC] claim, a defendant must demonstrate: (1) 'counsel's performance was deficient'; and (2) 'the deficient performance prejudiced the defense.'" (quoting Strickland

---

[2] Defendant raised other claims in his PCR petition which are not pursued in this appeal and are thereby waived. See In re Bloomingdale Convalescent Ctr., 233 N.J. Super. 46, 48 n.1 (App. Div. 1989) (noting that an issue not briefed is waived).

6

v. Washington, 466 U.S. 668, 687 (1984))); see also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-pronged analysis in New Jersey).

The judge also found an evidentiary hearing was not warranted because it "would not aid the [c]ourt in discerning the merits of [defendant's] claim[s]." See State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013) ("If the court perceives that holding an evidentiary hearing will not aid the court's analysis of whether the defendant is entitled to [PCR], . . . then an evidentiary hearing need not be granted." (omission in original) (quoting State v. Marshall, 148 N.J. 89, 158 (1997))); State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999) (explaining the mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing and the defendant "must do more than make bald assertions"); see also R. 3:22-10(e)(2) (providing "[a] court shall not grant an evidentiary hearing . . . if the defendant's allegations are too vague, conclusory[,] or speculative").

Specifically, the PCR judge explained defendant "fail[ed] to prove through specific factual allegations that his attorney's performance was deficient" or "that his decision to proceed to trial or the outcome of the trial itself would have been any different." On the contrary, trial counsel "stated on the record" that "discovery was reviewed with [defendant] in full and she

7

A-0008-24

continually kept [defendant] abreast with transcripts as the proceedings progressed."

Further, according to the judge, defendant

> plainly does not say that he would have taken the State's plea offer if he was better informed. Moreover, his claim that he received "no information on which to weigh the ramifications of fighting the case through trial" is patently too broad—and, arguably, too hyperbolic—to be made without much more significant factual underpinnings which are not apparent here.

In this ensuing appeal, defendant reprises the arguments rejected by the PCR judge as follows:

> DEFENDANT ESTABLISHED A PRIMA FACIE CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL. DEFENDANT'S CLAIM IS SUPPORTED BY MATERIAL ISSUES OF DISPUTED FACTS LYING OUTSIDE THE RECORD. RESOLUTION OF THE DISPUTED FACTS NECESSITATED AN EVIDENTIARY HEARING. THE PCR COURT ERRED IN FAILING TO CONDUCT SUCH A HEARING.
>
> A.  Legal Standard.
>
> B.  Defendant Received Ineffective Assistance of Counsel, When Prior To Trial, Counsel Misinformed Him That the State's Proofs Were Weak and Failed to Provide Him with the Necessary Information So That He Could Make an Informed Decision Concerning the State's Plea Offer of Time Served.

8

"We review the legal conclusions of a PCR judge de novo," State v. Reevey, 417 N.J. Super. 134, 146 (App. Div. 2010), but "review under the abuse of discretion standard the PCR court's determination to proceed without an evidentiary hearing," Brewster, 429 N.J. Super. at 401. "[W]here . . . no evidentiary hearing was conducted," as here, "we may review the factual inferences the [trial] court has drawn from the documentary record de novo." State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016) (citing State v. Harris, 181 N.J. 391, 420-21 (2004)).

Based on our review, we agree with the PCR judge's analysis and rejection of defendant's baseless arguments, and affirm substantially for the reasons articulated in the judge's cogent decision. Defendant's reliance on Padilla v. Kentucky, 559 U.S. 356 (2010), and State v. Gaitan, 209 N.J. 339 (2012), is misplaced because defendant concedes he was informed of the risk of deportation if convicted. See Padilla, 559 U.S. at 374 (holding "counsel must inform [his or] her client whether [the client's] plea carries a risk of deportation," or risk providing "constitutionally deficient" performance); Gaitan, 209 N.J. at 380 (applying Padilla prospectively).

9

Defendant does not identify any overlooked discovery and fails to point to any strategic miscalculation on the part of his attorney.[3] In her closing statement, trial counsel underscored the fact that there was "no physical evidence[,] nothing on the computer, [and] no corroborating witnesses[] despite the fact that this allegedly happened for seven, eight years in homes full of people, full of witnesses, full of siblings." Trial counsel also pointed to "inconsistencies" between the victim's testimony and prior statements and the fact that the victim had allegedly been sexually assaulted by another man residing in the home. Ultimately, the jury credited the victim's account. "Merely because a trial strategy fails does not mean that counsel was ineffective." State v. Bey, 161 N.J. 233, 251 (1999).

---

[3] Defendant's argument that his attorney failed to advise him "that if convicted by a jury, he would have to complete service of a state prison sentence before being deported" was not raised before the PCR judge. Because the argument does not go to the jurisdiction of the trial court or concern a matter of great public interest, we decline to consider it. See State v. Robinson, 200 N.J. 1, 20 (2009) ("[O]ur appellate courts will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest." (quoting Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973))). In any event, the record clearly shows defendant understood the ramifications of going to trial and was informed that a guilty verdict would result in lengthy incarceration.

Critically, the record is clear that even if his attorney was ineffective, defendant never expressed any interest in pleading guilty because of the deportation consequences. Where an attorney's advice leads a defendant to reject a plea offer to his or her detriment,

> a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

[Lafler v. Cooper, 566 U.S. 156, 164 (2012).]

Here, the record clearly shows defendant rejected the plea extended in connection with the initial indictment and was not interested in pleading guilty to the superseding indictment. Moreover, even if defendant was interested in plea negotiations, the State would undoubtedly have withdrawn the initial offer in light of intervening circumstances, namely, the return of the superseding indictment. In short, defendant did not establish his trial counsel's performance was deficient or that he suffered any resulting prejudice to warrant PCR or an evidentiary hearing. See State v. Bringhurst, 401 N.J. Super. 421, 436-37 (App. Div. 2008) ("[T]he court is not obligated to conduct an evidentiary hearing to

11

allow defendant to establish a prima facie case not contained within the allegations in his PCR petition.").

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

A-0008-24